UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————————

SHAWN GREEN 97 A 0801,

               Plaintiff,                          DECISION AND ORDER
                                                   06-CV-6312 CJS

vs.

CENTRAL OFFICE REVIEW COMMITTEE, et al

               Defendants.

———————————————————————————

    **Siragusa, J.**  Before the Court is Plaintiff's motion (Docket No. 50) for relief from

judgment, pursuant to Federal Rule of Civil Procedure 60(b).  Plaintiff seeks relief from the

Court's Order of December 11, 2007, denying his motion for a temporary restraining order

or preliminary injunction.  In his motion, Plaintiff sought injunctive relief for a variety of issues,

including claims that: the Department of Correctional Services ("DOCS") did not provide a

suitable diet for diabetics; the Mail Room Staff had a pattern of interfering with incoming non-

legal mail; and Plaintiff's requests for personal cosmetics were denied despite the issuance

of a medical order.  Plaintiff further alleged that Southport officers had a custom of denying

recreation and showers to Special Housing Unit ("SHU") inmates with braids and that the

medical staff at Southport would not provide Plaintiff with a clipper permit, which he alleged

denied him the benefits of the shaving service provided to inmates without his disability. The

Court denied Plaintiff's motion, finding that he had failed to meet the standards for issuance

of a temporary restraining order or preliminary injunction.

    On December 21, 2007, Plaintiff's Rule 60(b) motion was docketed in which he seeks

relief from the Court's prior Order. Rule 60(b) states that a court may relieve a party or its

legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; (6) it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (7) any other reason that justifies relief.  Fed. R. Civ. P. 60(b). Plaintiff seeks relief under subsections 1, 3 and 6 of Rule 60(b).

Under subsection 1, Plaintiff alleges that the Court made a mistake in its earlier ruling by presuming that Plaintiff was not permitted to have Dove soap in his cell. The "mistake" portion of subsection 1 pertains to a court making a mistake of law not to a plaintiff disagreeing with a court's decision. Further, even if a mistake had been made, the lack of Dove soap would not cause an irreparable harm to Plaintiff. In other words, even if Plaintiff did incur actionable injury as a result of lack of access to Dove soap, he could recover monetary damages. Thus, since the potential harm is not irreparable, an injunction is unnecessary.

Under subsection 3, Plaintiff alleges that Defendants fraudulently concealed a memorandum which he since has been able to obtain.  Plaintiff offers no factual support for the claim that this memorandum was fraudulently concealed and, after reading the memorandum, the Court finds its lack of disclosure did not cause irreparable harm.  The memorandum, referencing "Braids," states the following:

> Inmates who have their hair in braids below the hairline will be advised they are not in compliance with the Department's Grooming Standards. A direct order will be given to the inmate to remove the braids. If he refuses, a Misbehavior Report shall be submitted.
>
> Furthermore, in order to receive a shower or exercise, an inmate must remove the braids or allow staff to conduct a frisk of their braids by using the hand scanner and hand inspection. If the inmate complies with this frisk, he will be allowed the exercise or shower, but still receive a Misbehavior Report for refusing to remove the braids. If the inmate refuses to allow staff to frisk his braids, he will be deprived of said exercise or shower and a Depravation Order will be submitted, along with the Misbehavior Report.

(Docket No. 50, at 4.) Plaintiff is not being denied shower or recreation time, he is merely required to submit to a frisk of his braids. If Plaintiff establishes that frisking is a violation of his constitutional rights, he can recover damages. The potential harm does not rise to the level of irreparable and, subsequently, Plaintiff's argument under subsection 3 is unpersuasive.

Plaintiff's claims under subsection 6, "any other reason that justifies relief," also fail due to a lack of irreparable harm. The potential harm which plaintiff identifies, pseudofolliculitis barbae, commonly known as razor bumps, is not irreparable since razor bumps will clear up with time. Therefore, any injury resulting from a lack of the clippers can be compensated through monetary damages.  An injunction is unnecessary.

For the reasons stated within, Plaintiff's motion (Docket No. 50) for relief from judgment is denied.

IT IS SO ORDERED.

DATED:      July 17, 2008
            Rochester, New York          ENTER.

                                         /s/ Charles J. Siragusa
                                         CHARLES J. SIRAGUSA
                                         United States District Judge